UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy J. Elbert, | Civil No. 07-3629 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| True Value Company, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the Motion and dismisses this matter with prejudice.

**BACKGROUND**

Plaintiff Timothy J. Elbert ("Elbert") was a truck driver for Defendant True Value Company ("True Value") in Mankato, Minnesota, from July 24, 1989, to January 13, 2005. On January 11, 2005, Elbert inspected the trailer he was to operate that day and concluded that the brakes were not in good working order. (Compl. ¶ 9.) He then reported the deficiency to his supervisors and refused to drive the trailer. (Id. ¶¶ 9, 12.) On January 13, 2005, True Value discharged him.

Elbert asserts that True Value retaliated against him in violation of 49 U.S.C. § 31105(a) of the Surface Transportation Assistance Act ("STAA"), which forbids employers from discharging, disciplining, or discriminating against employees because they complain about commercial vehicle safety and/or refuse to operate a vehicle believed to be unsafe. True Value states that the discharge was for "engaging in inappropriate conduct." (Supp.

Mem. at 3.)

On March 2, 2005, Elbert filed a retaliatory discharge complaint with the United States Department of Labor's Occupational Safety and Health Administration ("OSHA"), according to STAA procedures. See 49 U.S.C. § 31105(b)(1) (requiring employee to file OSHA complaint not later than 180 days after alleged violation occurred). On April 29, 2005, OSHA served a preliminary finding and no cause determination on the parties. See id. § (b)(2)(A) (requiring Secretary of Labor to investigate allegations, decide whether complaint has merit, and provide findings).

On May 9, 2005, Elbert filed objections and sought an administrative hearing, which was held on six days from June 7-15, 2005. See id. § (b)(2)(B) (stating that either party may file objections within 30 days and request hearing). OSHA issued no final order within 120 days of the hearing. See id. § (b)(2)(C) ("[n]ot later than 120 days after the end of the hearing, the Secretary shall issue a final order"). However, on November 16, 2006, an Administrative Law Judge issued a Recommended Decision and Order dismissing Elbert's claims.

On August 3, 2007, President George W. Bush signed into law various STAA amendments, which were included in the Implementing Recommendations of the 9/11 Commission Act of 2007. See Pub. L. No. 110-53, § 1536, 121 Stat. 266, 464-67 (Aug. 3, 2007). The STAA amendments generally strengthened protections for employees who complain of potential dangers and "problems, deficiencies, or vulnerabilities" regarding motor carrier equipment. One new subsection, see 49 U.S.C. § 31105(b)(3)(C), provided

for punitive damages up to $250,000 where previously only compensatory damages were available. Another new subsection—the only one at issue here—conferred jurisdiction on district courts under certain circumstances:

> With respect to a complaint [alleging retaliatory discharge], if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

49 U.S.C. § 31105(c).

Elbert filed this action on August 6, 2007. In his Complaint, he asserted that the Court had original jurisdiction pursuant to § 31105(c) because the Department of Labor's Administrative Review Board had not issued a final decision as of August 6, 2007. True Value filed its Motion to Dismiss on August 28, 2007, solely on grounds that the jurisdiction-conferring provision in § 31105(c) may not be given retroactive effect. The parties agreed that neither the plain language of § 31105(c) nor its legislative history signals a congressional intent as to retroactive application.

**DISCUSSION**

The sole issue is whether the STAA's jurisdiction-conferring amendment, 49 U.S.C. § 31105(c), may be applied retroactively when Congress has not so specified. If so, then Elbert may maintain his civil action even while the parties await the Administrative Review Board's final decision. If not, then True Value's Motion to Dismiss must be granted for

3

failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Because there is no controlling precedent, the parties assert and the Court agrees that the Motion may be resolved pursuant to directives in <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994), and <u>Hughes Aircraft Co. v. United States</u>, 520 U.S. 939 (1997). These cases instruct that if Congress specifies a statute's temporal reach, that language controls. <u>Landgraf</u>, 511 U.S. at 264; <u>Hughes Aircraft Co.</u>, 520 U.S. at 946. However, when Congress is silent as to retroactivity, the "deeply rooted" presumption against retroactivity arises and a statute may not be given retroactive effect if doing so would alter a defendant's "substantive rights." <u>Landgraf</u>, 511 U.S. at 265, 278; <u>Hughes Aircraft Co.</u>, 520 U.S. at 950-51. "Such a statute, even though phrased in 'jurisdictional' terms, is as much subject to [the] presumption against retroactivity as any other." <u>Hughes Aircraft Co.</u>, 520 U.S. at 951.

The Eighth Circuit Court of Appeals' most-recent examination of <u>Landgraf</u> and <u>Hughes Aircraft Company</u> in a majority opinion is instructive because it also involved a jurisdiction-conferring provision. In <u>Owner-Operator Independent Drivers Association, Inc. v. New Prime, Inc.</u>, 339 F.3d 1001 (8th Cir. 2003), <u>cert denied</u>, 541 U.S. 973 (2004), owner-operators who leased motor-carrier equipment before 1996 filed a complaint in 1997 alleging violation of federal Truth in Leasing regulations. <u>Id.</u> at 1006. They asserted that the district court had jurisdiction pursuant to a jurisdiction-conferring provision in the Interstate Commerce Commission Termination Act ("ICCTA"), which had taken effect on January 1, 1996. <u>Id.</u> at 1006-07.

The Eighth Circuit held that the ICCTA's jurisdiction-conferring provision could not

be given retroactive effect within the holdings in Landgraf and Hughes Aircraft Co. because "by permitting Owner-Operators to bring their own actions against motor carriers, the ICCTA expands the class of plaintiffs who could bring claims, thereby altering the motor carriers' substantive rights."  New Prime, Inc., 339 F.3d at 1007; see also Rivas v. Rail Delivery Service, 423 F.3d 1079, 1084 (9th Cir. 2005) (adopting New Prime, Inc. rationale).

Similarly, in this situation, the STAA's jurisdiction-conferring provision expands the class of plaintiffs who may bring claims in district court.  Accordingly, the decision in New Prime makes it clear that giving the provision retroactive effect puts True Value's substantive rights at risk because it upsets True Value's "opportunity to know what the law is and to conform their conduct accordingly."  Id. at 1007 (quoting Landgraf, 511 U.S. at 265).

Elbert asserts two main arguments why § 31105(c) should be given retroactive effect.  First, he characterizes § 31105(c)'s jurisdictional provision as a procedural change that merely changes the tribunal where his claim may be heard.  Second, Elbert argues that True Value's substantive rights are not at risk because the company's liability remains the same regardless of where the claim is heard—evidenced by his concession at oral argument that Landgraf forbids him from now invoking the STAA's punitive damages provision because doing so would affect True Value's substantive rights.  See Landgraf, 511 U.S. at 281 (holding that giving Civil Rights Act of 1991's punitive damages provision retroactive effect would "raise serious constitutional question[s]").

In support of his first argument, Elbert cites the recent decision in Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), where the Supreme Court observed that "a jurisdiction-

5

conferring or jurisdiction-stripping statute usually takes away no substantive right but simply changes the tribunal that is to hear the case." Id. at 2765 (quotation and citation omitted). However, the habeas corpus statute at issue in Hamdan was a jurisdiction-stripping statute. Further, the language quoted did not establish an absolute rule that a jurisdiction-conferring statute never takes away substantive rights, but instead instructed that this "usually" is the case. Also, in the next sentence, the Court clarified that the "retroactivity problem" disappears when a change in tribunal is "truly all the statute does." Id.

The issue is not whether § 31105(c) may be labeled as procedural, but whether the jurisdiction-conferring provision, under these specific circumstances, would have an impermissible retroactive effect. Landgraf, 511 U.S. at 275 n.29 ("mere fact that a new rule is procedural does not mean that it applies to every pending case"); see also Martin v. Hadix, 527 U.S. 343, 359 ("[w]hen determining whether a new statute operates retroactively, it is not enough to attach a label (e.g., 'procedural,' 'collateral') to the statute; [the court] must ask whether the statute operates retroactively").

Retroactive effect is determined by examining Elbert's second argument—that True Value's substantive rights are not at risk because True Value's liability remains the same. However, this fact, even if true, is only part of the analysis. "Every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." Hughes Aircraft Co., 520 U.S. at 947 (quoting Soc'y for Propagation of the Gospel v. Wheeler, 22 F. Cas. 756, 767 (No. 13, 156) (C.C.N.H. 1814)

(Story, J.)); see also Landgraf, 511 U.S. at 280 (determining statute's retroactive effect involves gauging "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed"). One relevant consideration is whether parties have "proceeded on the assumption" that a prior statute was in effect. Martin, 527 U.S. at 360 (holding that new Prisoner Litigation Reform Act limit on attorney's fees could not be given retroactive effect).

In this situation, the parties already have engaged in depositions and other discovery, filed motions in limine, had a six-day trial, and are awaiting a final decision from the Administrative Review Board. (Supp. Mem. at 3-4.) Applying 49 U.S.C. § 31105(c) in a way that permits Elbert to commence a new civil action based on an allegation identical to that being litigated before the Board undeniably creates new obligations for True Value. Further, there is no indication in the record that the parties have assumed anything other than that this matter would be resolved in the administrative proceeding. "To impose the new standards now, for work performed before the [statute] became effective, would upset the reasonable expectation of the parties." Martin, 527 U.S. at 360.

On this record, the Court concludes that giving § 31105(c)'s jurisdiction-conferring provision retroactive effect would affect True Value's substantive rights.

**CONCLUSION**

The parties do not dispute that Congress has not specified whether § 31105(c)'s jurisdiction-conferring provision is to be given retroactive effect. Therefore, the deeply rooted presumption against retroactivity arises and can be overcome only by a showing that

the provision does not adversely affect True Value's substantive rights. Because Elbert has failed to make this showing, the Court lacks jurisdiction, and Elbert's Complaint fails to state a claim upon which relief can be granted. Accordingly, **IT IS HEREBY ORDERED** that True Value's Motion to Dismiss this matter with prejudice (Docket No. 2) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 11, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
